**In the Matter of Steven Daniel WEBB, Debtor.**

**Bankruptcy No. 85–04477–SJ.**

United States Bankruptcy Court, W.D. Missouri, W.D.

Aug. 27, 1986.

Dwight K. Scroggins, Jr., St. Joseph, Mo., for debtor.

ORDER DISMISSING CHAPTER 7 PROCEEDINGS AS A "SUBSTANTIAL ABUSE" OF CHAPTER 7 WITHIN THE MEANING OF SECTION 707(b) OF THE BANKRUPTCY CODE UNLESS THEY ARE CONVERTED TO CHAPTER 13 PROCEEDINGS WITHIN TEN DAYS OF THE DATE OF FILING OF THIS ORDER

DENNIS J. STEWART, Chief Judge.

In the schedules initially filed by the debtor with the court on December 11, 1985, the debtor reported monthly income of $1104.00 and monthly expenses of $906.40. It appeared that the difference of approximately $200 would be sufficient to pay all or part of the unsecured debt of $11,668.75 in 60 months or less, under a chapter 13 plan. The court therefore issued its order on May 28, 1986, directing the debtor to show cause in writing within 15 days why these chapter 7 proceedings should not be dismissed as a "substantial abuse" of the provisions of chapter 7 within the meaning of section 707(b) of the Bankruptcy Code. The debtor's response was simply to file an amended income-and-expense statement in which the monthly expenses were raised from $906.40 to $1095.80. This was done chiefly by adding amounts to the monthly bill for utilities (from $124.50 to $201.50), for doctor and medical expenses (from $0 to $65.00), for insurance ($55.00 to $69.90), and by adding the remaining attorney's fees to counsel for the debtor, $200 payable at $50 per month.

The $50 per month to counsel's attorney, however, can only last for four months. Thereafter, that amount should be available to pay creditors. The debtor has also reserved the right to expend $50 per month for recreation. Thus, $100 per month, approximately, can be made available to creditors and, over a 60 month period, approximately half or more of the outstanding debt can be paid.

This court therefore believes that the debtor should make an effort under chapter 13 to repay at least a portion of the debt. The excess is small, admittedly, but the schedules also show that the majority of the unsecured indebtedness was incurred in a three-month period before bankruptcy and largely as a result of credit card purchases for miscellaneous and sundry items and "gifts." The purpose of debtor rehabilitation is disserved if the bankruptcy courts must be used in order to afford debtors a basis for making their creditors pay for their luxuries and gifts. The debtor appears to be able to make at least a partial payment and this court is convinced that, as the price of a discharge in bankruptcy, he should do so. Accordingly, it is hereby

ORDERED that the within chapter 7 proceedings be, and they are hereby, dismissed as a "substantial abuse" of chapter 7 within the meaning of section 707(b) of the Bankruptcy Code unless the debtor, within 10 days of the date of filing of this order, converts these proceedings to chapter 13 proceedings.